IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| **JASEN WASHINGTON, as Biological Father of** and Next of Kin to JORDYN WASHINGTON, A MINOR, DECEASED; DAVISHA GONZALEZ as Biological Mother of and Next of Kin to JORDYN WASHINGTON, A MINOR, DECEASED; and On Behalf of All Other Wrongful Death Beneficiaries,<br><br>    Plaintiffs,<br><br>vs.<br><br>**HIGHLAND CHATEAU 5776, LLC, d/b/a/ as HIGHLAND CHATEAU APARTMENTS; MULTI-SOUTH MANAGEMENT SERVICES, LLC and JOHN DOES 1-5,**<br><br>    **Defendants.** | Case No.: _____<br><br>**JURY DEMANDED** |

**COMPLAINT FOR WRONGFUL DEATH**

Plaintiffs, JASEN WASHINGTON, as Biological Father of and Next of Kin to JORDYN WASHINGTON, a minor, deceased; DAVISHA GONZALEZ, as Biological Mother of and Next of Kin to JORDYN WASHINGTON, a minor, deceased; and On Behalf of All Other Wrongful Death Beneficiaries ("Plaintiff"), by and through their counsel of record, **Wells & Associates, PLLC**, and for this Wrongful Death Complaint against the Defendants, HIGHLAND CHATEAU 5776, LLC, d/b/a/ HIGHLAND CHATEAU APARTMENTS; MULTI-SOUTH MANAGEMENT SERVICES, LLC and JOHN DOES 1-5. (Collectively "Defendant"), states as follows:

**JURISDICTION**

1. Plaintiff JASEN WASHINGTON is a resident of Jacksonville, Florida.

2. Plaintiff DAVISHA GONZALEZ is a resident of San Diego, California.

3. The Tennessee Wrongful Death Statutes at Tennessee Code Annotated, Section 20-5-106 and 20-5-107 set forth a hierarchy as to the individual or representative that has the priority to prosecute a wrongful death action on behalf of the decedent because multiple actions may not be brought to resolve a single wrongful death claim. Upon information and belief, the decedent's parents have the superior priority above all others living to file a wrongful death action and control the litigation.

4. Upon information and belief, JORDYN WASHINGTON, a Minor, Deceased ("Decedent") was a resident of Jacksonville, Florida.

5. Upon information and belief, Defendant HIGHLAND CHATEAU 5776, LLC, is a foreign corporation authorized to do business in the State of Tennessee and otherwise conducting business within the State of Tennessee.

6. Upon information and belief, Defendant HIGHLAND CHATEAU 5776, LLC's principal place of business address is 2158 82nd Street, Brooklyn, New York 11214-2510.

7. Upon information and belief, Defendant MULTI-SOUTH MANAGEMENT SERVICES, LLC is a Tennessee corporation with a principal place of business located at 6075 Poplar Avenue – Suite 630, Memphis, Tennessee 38119-4702.

8. Upon information and belief, Defendant HIGHLAND CHATEAU 5776, LLC may be served with process at the address of its Registered Agent, VCORP SERVICES, LLC, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

9. Upon information and belief, Defendant MULTI-SOUTH MANAGEMENT

SERVICES, LLC may be served with process at the address of its Registered Agent, David L. Shores, 6075 Poplar Avenue – Suite 630, Memphis, Tennessee 38119-4702.

10. Defendants John Does 1-5 are unknown individuals and/or entities liable to Plaintiff for the acts and omissions as alleged herein. Names and capacities of Defendants John Does 1-5 inclusive, whether individual, corporate, or otherwise, are presently unknown to Plaintiff, who, therefore sue said Defendant by fictitious names and will further seek leave from this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained.  Plaintiff alleges upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiff by reason of negligence, wanton and reckless misconduct, breach of warranty, and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, and said Defendants, each of them, proximately caused injury and damage occasioned herein.

11. This cause of action arises out of tort to include, but not limited to, negligent acts and/or omissions for the Wrongful Death of JORDYN WASHINGTON, a Minor, Deceased, by the Defendants that occurred on Defendants' property in Memphis, Shelby County, Tennessee.

12. Said incident is the subject matter of this cause of action, and Defendants are subject to the jurisdiction and venue of this Honorable Court.

**FACTS**

13. On or about November 22, 2020 at around 4:00pm, officers responded to a homicide and shooting at Highland Chateau Apartments in Memphis, Shelby County, Tennessee.

14. Upon information and belief, Highland Chateau Apartments are owned and/or operated by HIGHLAND CHATEAU 5776, LLC.

15. Upon information and belief, Highland Chateau Apartments are managed by MULTI-SOUTH MANAGEMENT SERVICES, LLC.

16. Upon information and belief an individual began to shoot a .223 assault rifle errantly from within Highland Chateau Apartments striking Jordyn Washington, a minor, deceased, once in the head in her grandmother's Highland Chateau Apartment home.

17. Upon information and belief, this individual was a resident of Highland Chateau Apartments and was known to be a dangerous individual that previously committed violent and/or illegal acts on the premises and by Defendant permitting this individual to live at Highland Chateau Apartments after committing these violent and/or illegal acts contributed to the murder of Jordyn Washington, a minor, deceased.

18. In the alternative, Defendant allowed a non-resident on the property with the propensity to commit violent, dangerous and illegal acts and in doing so contributed to the murder of Jordyn Washington, a minor, deceased.

19. Memphis Police and Paramedics made the scene shortly thereafter and Jordyn Washington, a minor, was pronounced deceased inside her grandmother's apartment at the Highland Chateau Apartments.

20. For a period of two (2) years prior to November 22, 2020, there were at least 46 violent crimes committed within the Highland Chateau Apartments reported to the Memphis Police Department.

21. For a period of two (2) years prior to November 22, 2020, there were at least 103 crimes committed within the Highland Chateau Apartments reported to the Memphis Police Department.

22. For a period of two (2) years prior to November 22, 2020, there were at least 93

violent crimes committed within one half (0.5) mile radius of the Highland Chateau Apartments reported to the Memphis Police Department.

23. For a period of two (2) years prior to November 22, 2020, there were at least 382 crimes committed within one half (0.5) mile radius of the Highland Chateau Apartments reported to the Memphis Police Department.

24. For a period of time prior to November 22, 2020, the parking lots, common areas, and other areas surrounding the subject premises were not operated in a reasonably safe manner. Defendant knew or should have known that said areas were not maintained in a reasonably safe manner.

25. At all times pertinent to this cause of action, Defendant owned, possessed, controlled, and/or managed and/or possessed the right to control, operate and/or manage The Highland Chateau Apartments, located in Memphis, Shelby County, Tennessee.

26. Defendant failed to fulfill their duty to use reasonable care and take adequate and reasonable precautions and measures to protect the tenants of the subject premises from foreseeable harm and danger, including the harm suffered by Decedent.

27. Defendant, at all times relevant hereto, failed to provide reasonable and adequate protection for Decedent and other invitees on the premises despite the knowledge of Defendant, actual or otherwise, about the dangers existing there.

28. Defendant owed a duty to Decedent to provide security and to warn of known dangers, to hire adequately trained employees and agents, to control the conduct, ingress, and egress of third-persons, and to adequately respond to a criminal attack on the premises.

29. Prior to November 22, 2020, Defendant knew or should have known that the subject premises, including the common areas, had inadequate security, that strangers and loiterers

frequented the common areas of the premises and that the premises, including the common areas, were not reasonably safe and that criminal acts against their tenants and invitees were reasonably foreseeable. Despite knowledge of these conditions, Defendant did nothing to remedy or repair these unsafe conditions and inadequacies. Defendant also knew or should have known that an atmosphere of violence existed at and immediately around the apartment complex. Furthermore, Defendant did nothing to warn tenants and invitees that an atmosphere of violence existed on and around the property.

30. Contributing and/or proximate factors or causes of the attack on Decedent, was Defendant's failure to monitor the ingress and egress of non-residents in and around the premises, and the unsafe condition of the premises in general.

31. Further contributing and/or proximate factors or causes of the attack on Decedent include the failure of Defendant to hire a trained and certified security guard service despite their knowledge of the need for such service to protect their tenants and business invitees.

32. Defendant owed a duty to Decedent to provide a reasonably safe environment, a duty to warn of known dangers, and a duty to hire adequately trained employees and agents, and to maintain adequate security at the property including, but not limited to, fencing, gates, lighting, and cameras.

33. At the time of the subject incident, Defendant failed to fulfill their joint, several, and/or collective duties of ordinary reasonable care to make the subject premises reasonably safe and failed to take measures to protect tenants and business invitees from foreseeable harm or danger, including the harm suffered by Decedent.

**COUNT 1:   FAILURE TO PROVIDE A REASONABLY SAFE PREMISES**

34. Plaintiff adopts by reference the foregoing paragraphs.

35. Defendant, individually, jointly, and severally, owed Decedent an ordinary duty of care, specifically, a duty to provide reasonable safety measures to protect Decedent from foreseeable harm.

36. Defendant breached said duty owed to Decedent and were negligent by failing to provide adequate security at the apartments, by failing to control ingress and egress, by failing to take or implement reasonable measures for the personal security and safety of Decedent, by failing to provide tenants with "resident stickers" for their vehicles, failure to maintain adequate lighting and sight lines, failure to maintain security gates and fences, failure to provide and/or maintain security cameras, by failing to warn Decedent of the foreseeable harm he suffered, and by failing to reasonably inspect and make the premises safe. Despite their knowledge of these conditions, Defendant did nothing to remedy or repair these unsafe conditions and inadequacies.

37. Contributing and/or proximate factors or causes of the attack on Decedent were a complete lack of security at the apartment complex, the lack of adequate gates and fences, failure to provide and/or maintain security cameras, the presence of strangers in and around the apartments, and the unsafe conditions of the apartments in general.

38. At the time of the subject incident, Defendant failed to fulfill their joint, several, and/or collective duties of ordinary reasonable care to make the apartments reasonably safe including failure to take reasonable security precautions or measures and to take other such reasonable security precautions or measures to protect tenants and business invitees from foreseeable harm and danger, including the harm suffered by Decedent.

## COUNT 2: FAILURE TO TRAIN/SUPERVISE

39. Plaintiff adopts by reference the foregoing paragraphs.

40. Defendant owed Decedent an ordinary duty of care to train, hire, and supervise all employees regarding how to identify, report, and prevent threats or acts of violence on the property and potential security breaches, in order to satisfy their duty of protection to their business invitees and tenants.

41. Defendant further failed to train their on-site managers, and all other on-site employees at The Highland Chateau Apartments in the areas of security, risk management, and generally how to keep their tenants and business invitees reasonably safe from foreseeable harm.

## COUNT 3: FAILURE TO WARN

42. Plaintiff adopts by reference the foregoing paragraphs.

43. Decedent's injuries occurred as a direct result and proximate consequence of Defendant's negligence, breach of duty of care, and failure to warn of past and foreseeable criminal conduct. As a result of these acts, omissions, and misrepresentations of Defendant, Decedent suffered catastrophic pain and injuries that ultimately led to his death.

## COUNT 4: GROSS NEGLIGENCE

44. Plaintiff adopts by reference the foregoing paragraphs.

45. The actions, omissions, and conduct of the Defendant were done without just cause and reckless, wanton, conscious, and knowing disregard of Decedent's rights and personal safety. Defendant was grossly negligent in engaging in the aforesaid acts, omissions, and conduct.

## INJURIES

46. Plaintiff alleges that as a direct and proximate result of negligence on the part of

the Defendant, the Deceased and biological parents of the deceased, suffered severe, serious, painful, and permanent personal injuries including, but not limited to, the following:

      a.      Pain and suffering;

      b.      Fright and shock;

      c.      Wrongful Death;

      d.      Loss of enjoyment of life, past, present and future;

      e.      Loss of Consortium, past, present and future;

      f.      Loss of pecuniary benefits past, present and future;

      g.      Funeral Expenses; and

      h.      All other damages pursuant to the Wrongful Death Act for her heirs at law, and for all of the harms and losses suffered by these individuals and provided for by Federal and Tennessee Law, including, but not limited to their loss of support, services, companionship, consortium and mental anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays:

1. That proper process issue against the Defendant requiring them to plead and answer.

2. That Plaintiff be awarded a judgment against the Defendant in an amount not less than Ten Million Dollars ($10,000,000.00) in actual and compensatory damages.

3. That Plaintiff be awarded punitive damages in amount not less than Fifteen Million Dollars ($15,000,000.00) for Defendant's grossly negligent, reckless and/or willful acts and/or omissions in this case, where such actions caused actual damage to the Plaintiffs.

4. That Plaintiff be awarded Funeral Expenses in the amount of Ten Thousand Dollars ($10,000.00).

5. That Plaintiff be granted such other relief, general or specific, that this Honorable

Court deems equitable and just.

  6.  That the costs of this action be awarded to Plaintiff.

  7.  That a jury of the Plaintiff's peers be empaneled to try these issues when joined.

  8.  That the Plaintiff reserves the right to amend these pleadings to conform to the facts of this matter.

         Respectfully Submitted,

         **WELLS & ASSOCIATES, PLLC**

         /s/ Aaron A. Neglia_____
         MURRAY B. WELLS (BPR# 021749)
         AARON A. NEGLIA (BPR# 033816)
         Attorneys for Plaintiff
         81 Monroe Avenue – Suite 400
         Memphis, TN 38103
         PHONE: (901) 507-2521
         FACSIMILE: (901) 507-1791
         EMAIL: wells@thewellsfirm.com
         EMAIL: neglia@thewellsfirm.com